HILL STANSILL v. STATE.

No. A-2204.

Appeal from County Court, Adair County;

John A. Goodall, Judge.

Hill Stansill, convicted of a violation of the prohibitory law, appeals. Reversed.

E. B. Arnold, for plaintiff in error.

Chas. West, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error was convicted on a charge of unlawful possession of intoxicating liquor with intent to sell the same and sentenced to pay a fine of fifty dollars and be confined in the county jail for thirty days. The sufficiency of the evidence to sustain the verdict is the only question to be determined. D. W. C. Duncan testified that he was a deputy sheriff; that he saw the defendant hand a bottle to Henry Turn, and he passed it to George Bowles, each taking a drink out of the bottle, and handed it back to the defendant. About this time they saw witness, and the defendant slipped the bottle into the grass close by. This was all the evidence for the state.

As a witness in his own behalf, Hill Stansill testified that he had lived in that country all his life; that he and the complaining witness had been on unfriendly terms for more than a year; that he was with Henry Turn and Will Watt on George Bowles' place, near Baron Fork, that morning, and they bought a quart of whisky from Charley Terrill, who lives up on the Pea Vine; that Henry Turn paid for the whisky; that he did not take the bottle from his bosom as Duncan testified.

George Bowles testified that he was with Henry Turn and picked the bottle up and took a drink and set it down and started towards his house and met Clint Duncan.

Henry Turn testified that he was present when Hill Stansill was arrested with Clint Duncan; that he and Stansill bought the whisky there from Charley Terrill.

We are of the opinion that the evidence in this case is entirely insufficient to sustain a conviction. In a prosecution for possession of intoxicating liquor with intent to sell, barter, give away or otherwise furnish, the evidence to be sufficient must show in addition to possession such acts or conduct of the defendant as tend to prove unlawful intention. In our opinion, it would be destroying the presumption in favor of the innocence of the defendant and permit a subversion of the rule which requires establishment of guilt beyond a reasonable doubt to allow this conviction to stand. The judgment is, therefore, reversed.